IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00545-BNB

MARJORIE A. CREAMER,

    Plaintiff,

v.

JANICE ORT, Psychologist, Colorado Mental Health Institution at Pueblo,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Marjorie A. Creamer, initiated this action by filing *pro se* a complaint captioned "Title VII Complaint and Civil Rights Action." The court must construe the complaint liberally because Ms. Creamer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Creamer will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    The court has reviewed the complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Creamer fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Ms. Creamer fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action against Defendant.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The complaint Ms. Creamer has filed is modeled on the court-approved Title VII Complaint form and, as a result, the preprinted portion of the form states that jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964. The court certainly has jurisdiction over claims asserted pursuant to Title VII. However, it does not appear that

Ms. Creamer actually is asserting any claims pursuant to Title VII because she does not allege that Defendant is or was an employer or that she suffered employment discrimination on the basis of her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). Instead, Ms. Creamer alleges that Defendant is a psychologist who conducted a court-ordered evaluation to determine if Ms. Creamer was competent to stand trial in her Colorado state court criminal case. Ms. Creamer also refers to the Americans with Disabilities Act ("ADA") in the complaint, but it is not clear what claim or claims she may be asserting under the ADA.

Ms. Creamer also fails to provide a short and plain statement of her claims showing that she is entitled to relief. Ms. Creamer is advised that in order to state a claim in federal court she "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Ms. Creamer's vague and conclusory references to violations of her civil rights are not sufficient to state a cognizable claim for relief. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For these reasons, Ms. Creamer will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if she wishes to pursue her claims in this action. Because there is no indication that Ms. Creamer is asserting employment discrimination claims under Title VII, she should use the court-approved

general Complaint form and she must indicate on that form the specific statutory authority that allows the court to consider her claims against Defendant. Ms. Creamer is advised that it is her responsibility to present her claims clearly and concisely in a manageable format that allows the court and Defendant to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Ms. Creamer file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Ms. Creamer shall obtain the appropriate court-approved form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Creamer fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 5, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge