IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00545-BNB

MARJORIE A. CREAMER,

    Plaintiff,

v.

JANICE ORT, Psy. D., Staff Psychologist, Colorado Mental Health Institute at Pueblo,
    Colorado, for Department of Human Services, St. of Colorado,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Marjorie A. Creamer, initiated this action by filing *pro se* a complaint captioned "Title VII Complaint and Civil Rights Action" (ECF No. 1).  On March 5, 2012, Magistrate Judge Boyd N. Boland ordered Ms. Creamer to file an amended pleading that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Magistrate Judge Boland specifically noted that Ms. Creamer failed to provide a short and plain statement of her claims showing that she is entitled to relief.  Magistrate Judge Boland also noted that, although Ms. Creamer referenced both Title VII and the Americans with Disabilities Act ("ADA") in the original complaint, she did not assert any employment discrimination claims under Title VII, and it was not clear what claim or claims she may be asserting under the ADA.  On March 15, 2012, Ms. Creamer filed an Amended Complaint (ECF No. 6).  As relief Ms. Creamer seeks damages "along with the questioning of [Defendant's] ability to conduct any of the future court evaluations on behalf of the State of Colorado."  (ECF No. 6 at 6.)

Ms. Creamer has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss the complaint at any time if Ms. Creamer seeks monetary relief from a Defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the action pursuant to § 1915(e)(2)(B)(iii).

The Court must construe the Amended Complaint liberally because Ms. Creamer is not represented by an attorney in this action. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Ms. Creamer's claims in the Amended Complaint arise out of a court-ordered competency evaluation in a Colorado state court criminal case. Ms. Creamer alleges that Defendant, the mental health evaluator who conducted the court-ordered competency evaluation, violated Ms. Creamer's civil rights by concluding she was not competent to proceed in the state court case. Ms. Creamer maintains that she is competent and she summarizes her claims against Defendant as follows:

> The issue is can a state employee of [the Department of Human Services] control one, disabled person, to the extent of violation of her civil rights [by] forcing her into confinement until [the] so[-]called state employee reports her as competent to stand trial; when the state employee[']s report[] maliciously states untruths on the report and furthermore the plaintiff understands the making of the letter of law

2

> substantially more than the state employee, Janice Ort, of which prima facie the report of March 14, 2011 contains unfactual statements in order for her, Janice Ort, to call the plaintiff "incompetent" to dictate control. Janice Ort engaged in unlawful, intentional discrimination and Janice Ort's report of March 14, 2011 and the meeting ex[ac]erbated plaintiff's PTSD, post traumatic stress disorder.

(ECF No. 6 at 5-6.)

As she did in the original complaint, Ms. Creamer again references Title VII and the ADA in the Amended Complaint. However, she still fails to allege facts that demonstrate the existence of any cognizable claim under either Title VII or the ADA. It is clear that Ms. Creamer believes her civil rights have been violated by a state employee. Therefore, the Court construes the Amended Complaint liberally as asserting claims pursuant to 42 U.S.C. § 1983.

Regardless of the statutory authority for her claims, the Court finds that Ms. Creamer may not sue Defendant for damages because Defendant is entitled to absolute quasi-judicial immunity. The law is well-established that judges and judicial officials enjoy absolute immunity from suit for acts performed in their official capacities. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Furthermore, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

As a derivative of judicial immunity, non-judicial officials also may be entitled to absolute immunity if they are performing judicial functions. *See Forrester v. White*, 484 U.S. 219, 224 (1988). However, "[w]hen judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they, too, exercise a discretionary judgment as a part of their

function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (internal quotation marks and alterations omitted).

Ms. Creamer alleges that Defendant was appointed by the state court to conduct a mental health examination to determine if Ms. Creamer was competent to proceed in her state court criminal case. Ms. Creamer does not allege that Defendant was acting in the clear absence of all jurisdiction or outside the scope of her authority when she conducted the competency evaluation and submitted her report to the state court. *See Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990) (explaining that quasi-judicial immunity does not extend to acts taken by state officials in the clear absence of all jurisdiction or outside the scope of their jurisdiction). As a result, it is clear that Defendant's actions in exercising her judgment with respect to Ms. Creamer's competency are protected by absolute quasi-judicial immunity. *See Hughes v. Long*, 242 F.3d 121, 126 (3d Cir. 2001) (holding that child welfare workers are entitled to "judicial immunity because they acted as 'arms of the court,' similar to a guardian ad litem or a court-appointed doctor or psychologist, a non-judicial person who fulfills a quasi-judicial role at the court's request."); *Bartlett v. Weimer*, 268 F.2d 860, 862 (7th Cir. 1959) (affirming dismissal on absolute immunity grounds of § 1983 claim against court-appointed doctor who examined mental health of plaintiff and reported findings to the court).

Because Defendant is entitled to absolute quasi-judicial immunity, Ms. Creamer's claims for damages against Defendant must be dismissed. To the extent Ms. Creamer seeks relief in this action other than damages, she fails to cite any authority that would authorize such relief. Therefore, the entire action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Defendant is entitled to absolute quasi-judicial immunity.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   5th   day of      April         , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court